# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Samuel A. Wilder, #258295, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:12-cv-364-RMG |
| vs. ) | |
| ) | |
| Wayne McCabe, Warden at Lieber ) | **ORDER** |
| Correctional Institution, in his Official ) | |
| Capacity, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the Court with two issues pending: Plaintiff Samuel A. Wilder's request for a preliminary injunction or temporary restraining order ("TRO"), (Dkt. Nos. 8, 11, 17), and Defendant's motion seeking dismissal or, alternatively, summary judgment, (Dkt. No. 22). In the underlying action, brought pursuant to 42 U.S.C. § 1983, Plaintiff, a state inmate at Lieber Correctional Institution, alleges he was terminated from his job as a law library worker in retaliation for filing a grievance claiming racial discrimination in the prison's Education Department. (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2), D.S.C., this matter was initially addressed by a Magistrate Judge.

## Background

In his motions seeking injunctive relief, Plaintiff requests that the Court order Defendant to take several actions: reinstate him in his job at the prison's law library, cease retaliating against him for filing a grievance, stop threatening his job as a teacher's aide in the prison, hire an African-American employee for the prison's Education Department, and stop a particular officer (Officer

Bouch) from speaking to, or coming within ten feet of, Plaintiff. (Dkt. No. 11, 17). On July 5, 2012, Defendants filed a response opposing the motion. (Dkt. No. 37).

Defendant requests dismissal because, in his view, Plaintiff failed to exhaust the available administrative remedies before filing this action, Due Process does not apply to inmates' expectation of keeping a specific prison job, and Plaintiff has failed to state a viable claim against him. (Dkt. No. 22 at 3-11). On September 24, 2012, Plaintiff responded to oppose that motion, arguing that exhaustion is not necessary when seeking a preliminary injunction and that such an injunction is appropriate here. (Dkt. No. 26).

On October 19, 2012, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Plaintiff's motion for a preliminary injunction be denied and Defendant's motion seeking dismissal granted. (Dkt. No. 30). Plaintiff timely filed his objections to the R&R, and subsequently sought to amend his motion for a preliminary injunction once more. (Dkt. Nos. 37, 38). On January 10, 2013, this case was reassigned to the undersigned. (Dkt. No. 40).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–271 (1976). The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

Plaintiff seeks a preliminary injunction. Preliminary injunctions are "extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy, Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001). In particular, "[p]reliminary relief directed to running a state prison should be granted only in

-2-

compelling circumstances." *Barnes v. Quattlebaum*, No. 4:08-cv-2197, 2009 WL 3166536, at *2 (D.S.C. Sept. 29, 2009) (*citing Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994)). In evaluating a plaintiff's request for a preliminary injunction, the Court applies the standard set forth under *Winter v. Natural Res. Def. Council*, 555 U.S. 7 (2008). *See Scott v. Padula*, No. 0:09-cv-3240, 2009 WL 2579464, at *1 (D.S.C. Aug. 18, 2009). Under that standard, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. A plaintiff must meet all four of *Winter*'s requirements in order to secure a preliminary injunction. *Scott*, 2009 WL 2579464, at *1.

Defendant, for his part, asks that the Court dismiss this action or, alternatively, grant summary judgment in his favor. Federal Rule of Civil Procedure 12(b)(6) permits dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, the plaintiff must have alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that a complaint is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). In contrast, summary judgment should be granted if the moving party "shows that there is no genuine dispute as to any material fact" and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987) (stating that summary judgment is proper "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts"). To summarize then, while a motion to dismiss under Rule 12(b)(6) challenges the facial adequacy of the opposing party's

-3-

pleadings, a motion for summary judgment asserts that the evidence itself leaves no question as to the case's outcome.

In reviewing these motions, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

### Discussion

The Magistrate Judge construed Plaintiff's complaint liberally. The Magistrate Judge correctly interpreted the complaint, construing it as raising three job-related claims: an Equal Protection claim for having been terminated due to race, a claim that Plaintiff's termination violated Due Process, and a claim that his termination was in retaliation for complaints he raised about racial discrimination in the prison. (Dkt. No. 30 at 10-14). In addition, the Magistrate Judge construed the complaint as raising a general allegation of racial discrimination in the prison's hiring as well as a claim that Plaintiff's administrative grievances were not being processed.

*a. Plaintiff's Job-related claims*

As the Magistrate Judge correctly explained, the three job-related claims fail because Plaintiff has failed to exhaust his administrative remedies with respect to those sources of grievance. *See Moore v. Rivera*, No. 6:07-cv-3498, 2008 WL 4832991, at *1 (D.S.C. Oct. 30, 2008) (explaining the exhaustion requirement, and applying it to a request for a preliminary injunction). Plaintiff has submitted documentation of two grievances pertaining to this termination: one grievance was

completed on February 13, 2012, (Dkt. No. 26-3 at 1), and the other on January 11, 2012, (Dkt No. 37-1 at 4). Plaintiff filed this action on February 8, 2012, (Dkt. No. 1), bringing his complaint to this Court before the administrative grievance process had run its course. Thus, the Court finds that Plaintiff's failure to exhaust his administrative remedies with the Department of Corrections requires dismissal, without prejudice, of his claims relating to his termination from the prison law library.

### *b. Plaintiff's Allegations of Discrimination in the Prison's Hiring*

In contrast to the clear failure to exhaust the three job-related claims, the Magistrate Judge found and the Court now agrees that there are genuine issues of material fact as to whether Defendant hindered Plaintiff's ability to exhaust his general allegations of racial discrimination in the prison's Education Department. (Dkt. No. 30 at 9-10, 10 n.5). Plaintiff alleges that "education building staff is made up of all white security employees, and its carpentry instructor is white, and the new school principle is white, [and] inmate workers are white," effectively excluding African-American inmates from internal decisionmaking and also limiting their access to copy machines, computers and other office supplies. (Dkt. No. 1 at 2-3). Plaintiff's allegations of racial discrimination thus actually encompass two sets of grievances: one focused on Equal Protection and one on his access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 348 (1996) (clarifying the requirements of an access to the courts claim); *Daye v. Rubinstein*, 417 F. App'x 317, 319 (4th Cir. 2011) (noting that "[r]acial discrimination in prisoner job assignments states a violation of the Equal Protection Clause"). For both sets of allegations, though, the Court agrees with the Magistrate Judge that Plaintiff has failed to allege "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570; *see* Fed. R. Civ. P. 12(b)(6).

With respect to his Equal Protection grievance, Plaintiff has not alleged the foundation of

-5-

such a claim—that similarly situated inmates were treated differently, in this case assigned different jobs, based on race. *Cf. Daye*, 417 F. App'x at 319 (concluding that a prisoner plaintiff stated a claim by asserting that "black inmates were ordered from their assigned tasks and made to perform more degrading tasks, while white inmates were allowed to take over the originally assigned tasks" and "that these decisions were made on the basis of race with the intent to humiliate and embarrass the black inmates").

Similarly, Plaintiff's allegations do not state a claim based on being denied access to the courts. Such a claim requires a prisoner to "demonstrate with some specificity that this right was interfered with" and that "this interference with his rights resulted in some sort of actual injury." *Joe v. Ozmint*, No. 2:08-cv-585, 2008 WL 5076858, *10 (D.S.C. Nov. 21, 2008) (citation omitted); *see Lewis*, 518 U.S. at 348 (defining "actual injury" as "actual prejudice with respect to contemplated or existing litigation, such as inability to meet a filing deadline or present a claim"). Plaintiff's allegation that he lacks control of certain office supplies does not meet this high standard. *Cf. Weersing v. Cartledge*, No. 8:09-cv-88, 2010 WL 4004931, at *2 (D.S.C. 2010) (stating that the actual injury requirement was not met when prisoner alleged that "he is not allowed enough time to research in the [prison's] law library, he is being denied paper and copies, and his legal mail is delayed").

### c. Plaintiff's Administrative Grievance Claim

Last, the Court agrees with the Magistrate Judge in concluding that Plaintiff's claim his administrative grievances were not being processed should be dismissed. The Fourth Circuit has made clear that a prisoner's "access to and participation in the prison's grievance process are not constitutionally protected" in themselves. *Taylor v. Lang*, 483 F. App'x 855, 858 (4th Cir. June 21,

2012) (*citing Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994), post-Prisoner Litigation Reform Act). Rather, malfeasance associated with the inmate grievance process only amounts to a constitutional violation where that conduct compromises an individual's right of access to the courts. *Id.*; *see also Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) ("When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain the grievance."). As the Court explained above, Plaintiff's allegations fail to state a claim for denial of access to the courts, as required under Rule 12(b)(6).

## Conclusion

For these reasons, the Court concludes not only that has Plaintiff not shown a likelihood of success on the merits of his claims, requiring denial of his request for a preliminary injunction, *Winter*, 555 U.S. at 20, but also that dismissal of each of Plaintiff's claims is appropriate. The Court therefore adopts the Magistrate Judge's Report and Recommendation as the Order of the Court, DENIES Plaintiff's motions requesting a preliminary injunction or temporary restraining order, (Dkt. Nos. 8, 11, 17), GRANTS Defendant McCabe's motion for summary judgment or dismissal, (Dkt. No. 22), and DISMISSES this case. Due to the dismissal of this case, Plaintiff's motion to amend his request for a preliminary injunction is rendered moot. (Dkt. No. 38).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
January 25, 2013